IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,                           OPINION & ORDER

                            Plaintiff,

                                                    94-cr-008-wmc
              v.

CHARLES SIEGLER,

                   Defendant

A hearing on the probation office's petition for judicial review of Charles L. Siegler's supervised release was held on April 16, 2014.   From the record at that time, the court found that Siegler had used methamphetamine and associated with drug dealers in direct violation of the terms of his supervised release.   As a result, Siegler's supervised release was revoked, but sentencing was delayed after Siegler invoked his Fifth Amendment right because of an impending trial on a state charge of burglary, refusing to allocute or answer any of the court's questions regarding his renewed drug use and associations.   (Dkt. #50.)   The parties were also given until Monday, April 28, 2014, to brief whether this court may postpone sentencing in this matter until completion of the trial in Barron County, Wisconsin, Circuit Court (Case No. 2012CF411), then scheduled for May 28, 2014.

After that issue was fully briefed, the court was advised that the defendant had pled guilty and was scheduled to be sentenced in the state proceedings on July 25, 2014. There being no just reason for further delay, sentencing will now proceed in this matter,

1

preferably before the state sentencing.

Federal Rule of Criminal Procedure 32.1(b)(2) directs the court to "hold the revocation hearing within a reasonable time."  Here, a revocation hearing was held timely, the court found sufficient facts to revoke and the defendant was held based on those findings.  Only the sentencing was delayed.  On its face then, the requirements of Rule 32.1(b)(2) appear to have been satisfied.

Even so, Fed. R. Crim. P. 32(b)(1) provides that the court "must impose a sentence without unnecessary delay."  In determining what would constitute unnecessary delay, the parties are in agreement that the Seventh Circuit applies the four part test articulated in *Barker v. Wingo*, 207 U.S. 514, 530-32 (1972).  (Dkts. ##51 & 52.)  *See also United States v. Scott*, 850 F.2d 316, 319-20 (7th Cir. 1988).  Again, without deciding whether all of these factors are applicable when only the sentencing phase of a revocation hearing has been delayed, the court is satisfied that the four *Barker* factors are met here.  First, the court has simply delayed sentencing for a relatively short period of time.  *See, e.g., United States v. Serrarto-Cesarto*, No. 13-5201, slip. op. (9th Cir. June 12, 2014) ("delay of two months in this case is less than the delays" of four and seven months previously found to satisfy Rule 32.1(b)(2) and due process) (citations omitted); *United States v. Poellnitz*, 732 F.3d 562, 570 (3rd Cir. 2014) (delay of nearly two years upheld); *United States v. Rasmussen*, 881 F.2d 395, 398 (7th Cir. 1989) (delay of thirteen months upheld).  Second, the court delayed sentencing to assure that it had an opportunity to explore the circumstances prompting revocation with the defendant directly.  As to the third and

fourth factors, while the defendant timely asserted his right to a prompt sentence, he is unable to show any prejudice by the relatively short delay between his revocation and sentencing here.   On the contrary, the defendant was already in custody on state charges, and remained in state custody following his revocation by this court, pending his state court trial and now state sentencing.   If anything, by revoking him, the defendant now gets the benefit of federal time served while awaiting sentencing.

In reply to the government's Brief Regarding Sentencing Delay, defendant's counsel criticizes the government for "attempting to punish the defendant for exercising his right to remain silent."  (Dkt. #53.)   As an initial matter, the court's reasons for delay had nothing to do with a desire to consider the defendant's now admitted burglary, but rather to better understand the reasons for the defendant's violations of the terms of probation that prompted the Probation Office's petition for judicial review -- Standard Condition Nos. 2 and 10.   (Dkt. #41.)   While the government argues that the court may consider the fact that his recent breaking and entering under the factors set forth at 18 U.S.C. § 3553(a), particularly given Mr. Siegler's prior history of similar violations, this is a by-product of the court's decision to delay sentencing to allow for an allocution before (and indeed colloquy with) the court, not a "punishment" for exercising his right to remain silent.

The defendant had every right to invoke a blanket assertion against self-incrimination under the Fifth Amendment at the original revocation hearing, but this prevented the court from any interaction with defendant regarding matters bearing

3

directly on the grounds for revocation, a matter the court found important before imposition of sentence.  The defendant's previous exercise of his Fifth Amendment right will have *no* bearing on his sentence following revocation.


                                    ORDER

     IT IS ORDERED that sentencing following revocation shall proceed on July 2, 2014, at 1:00 p.m.

     Entered this 24th day of June, 2014.

                              BY THE COURT:

                              /s/
                              _____
                              WILLIAM M. CONLEY
                              District Judge

4